IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CORLA JACKSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 12-0111-KD-B |
| | ) |
| **GMAC MORTGAGE CORPORATION,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on *sua sponte* review of the docket. On November 16, 2015, Plaintiff Corla Jackson filed a "Motion to Re-Open Case Closed Statistically and Notice of Removal From Circuit Court" (doc. 52). In addition to seeking to reopen this action, Jackson also sought to remove from the Circuit Court of Mobile County, Alabama into this action, the action styled *GMAC Mortgage LLC, et al. v. Corla Jackson*, Civil Action No. 2-CV-2013-902219.00 (Ala. Cir. Ct. 2013). For purpose of this Order, the Notice of Removal has now been separately docketed (doc. 60).[1]  Upon consideration, and for the reasons set forth herein, the state court action is **remanded** to the Circuit Court of Mobile County, Alabama.

---

[1] Jackson filed a Notice of Appeal of the denial of the motion to re-open this action (doc. 56). However, the Notice does not indicate that Jackson's appeal is related to the Notice of Removal. The opening paragraph begins "Fraud Upon the Court and Violation of Original Automatic Stay in Bankruptcy Case (05-13142)" (doc. 56, p. 3). The only mention of the state court action is found in the Exhibits. Jackson attached a copy of a state court order wherein the circuit judge found moot a motion to continue on basis that the action had been removed to federal court (doc. 56, p. 29).   The Court notes that "as a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal. . . . However, it may not divest the district court of jurisdiction over collateral matters not affecting the questions presented on appeal." *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1064 -1065 (11th Cir. 2001) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402 (1982); *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir.1999)).

As an initial consideration, the removal is procedurally defective in that Jackson attempted to remove a state court action <u>into</u> an existing federal action by attaching her Notice of Removal to the motion to reopen. However, "based on the language of § 1447(c) the district court may not *sua sponte* decide to remand the case for any procedural defect other than lack of subject matter jurisdiction." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004). "Because removal jurisdiction raises significant federalism concerns, . . . "all doubts about jurisdiction should be resolved in favor of remand to state court*." City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Therefore, federal courts are " 'obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.' " *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (citation omitted). Defendant Jackson as the party seeking removal bears the burden of establishing federal jurisdiction. *See Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir.1998).

When a defendant removes a civil action, the notice of removal should contain "a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a) However, Jackson does not identify any grounds for removal. In her Notice, Jackson cites to "§ 695 Fraud on the Court", "8 U.S. Code § 1324c – Penalties for document fraud", numerous criminal statutes, and "28 U.S.C. § 1295 – Jurisdiction of the United States Court of Appeals for the Federal Circuit". (Doc. 60) Jackson also sets forth some general propositions regarding "Bankruptcy in the United States" and discusses the violation of the automatic stay provision found in 11 U.S.C. § 362. The only mention of a basis for removal or a removal statute is found when Jackson states that" GMAC removed this case from circuit court to its correct jurisdiction" and attaches a section of GMAC's Notice stating that removal was on basis of 28 U.S.C. § 1331 and 1446. (Doc. 60, p. 8)

2

Jackson has made no allegation as to diversity of citizenship or amount in controversy. Therefore, she has not met her burden to establish federal subject matter jurisdiction based upon 28 U.S.C. §1332.

However, Jackson referenced numerous federal statutes. Even if the Court construed her Notice of Removal as possibly asserting federal subject matter jurisdiction under 28 U.S.C. § 1331, Jackson has not provided a copy of GMAC's complaint against her. To determine whether there is federal question jurisdiction, the Court must look to the face of the complaint and not any defense or counterclaim based upon federal statutes that Jackson may raise. *Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) (emphasis supplied), cert. denied, 543 U.S. 808, 125 S. Ct. 30 (2004) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."): *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*., 535 U.S. 826, 830, 122 S. Ct. 1889, 1893 (2002) ("[T]he well-pleaded complaint rule, properly understood [does not] allo[w] a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction."). Accordingly, Jackson has not met her burden of establishing federal subject matter jurisdiction under 28 U.S.C. § 1331.

**DONE** this 3rd day of February 2016.

                                                                          s/ Kristi K. DuBose
                                                                         **KRISTI K. DuBOSE**
                                                                         **UNITED STATES DISTRICT JUDGE**