IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CORLA JACKSON, | ) | |
|     Plaintiff, | ) | |
| v. | ) | CIVIL ACTION 12-00111-KD-B |
| | ) | |
| GMAC MORTGAGE, LLC, | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant's Status Report, which seeks to dismiss Plaintiff's case pursuant to bankruptcy orders issued from the Southern District of New York Bankruptcy Court (Doc. 67);[1] and Plaintiff's "Status Report" (Doc. 68).[2]

Specifically, Defendant explains that Plaintiff filed a proof of claim in the bankruptcy cases (Claim 4443[3] in the U.S. Bankruptcy Court for the Southern District of New York (SDNY)), and the basis of said claim "was premised on the same allegations set forth in the Complaint" in this case and thus "Claim 4443 submitted Plaintiff's allegations set forth in such Complaint to the jurisdiction of the Bankruptcy Court." (Doc. 67 at 3). Defendant adds that Claim 4443 was expunged and dismissed pursuant to a January 27, 2014 SDNY Order issued in the bankruptcy cases "as full and final adjudication of allegations set out in the Complaint." (Id.

---

[1] The Court construes the status report, requesting dismissal, as a simultaneous request to lift the stay previously entered in this case. It is **ORDERED** that the Stay is **LIFTED**.

[2] The Court did not provide for Plaintiff to file a Status Report. Regardless, Plaintiff's 83 page Status Report (Doc. 68) is in a stream of consciousness form that is virtually impossible to comprehend. At best the Court can discern, it appears that Plaintiff contends that Defendant is still in bankruptcy in the SDNY and that Defendant has not obtained an order "winning this complaint" – referencing a July 1, 2013 event/order. (Doc. 68 at 1-2). Apart from that, Plaintiff appears to be revisiting the arguments she has already asserted in this Court.

[3] Described by the SDNY bankruptcy court as Plaintiff's $100,000,000 general unsecured claim against Defendant which "appears to be predicated on the" action in this Court. (Doc. 67-2 at 173-174, 178-179, 181-189).

1

(citing Doc. 67-2)). The SDNY bankruptcy court also concluded that Plaintiff's CLAIM 4443 is barred by judicial estoppel and lacks merit. (Id.) Plaintiff appealed the SDNY bankruptcy court order to the U.S. District Court for the Southern District of New York (CV 14-2427), which affirmed same. (Id.) Plaintiff then appealed to the Second Circuit Court of Appeals (CV 14-4637), which dismissed the action due to her failure to adhere to court rules. (Id.) On March 13, 2015 the SDNY bankruptcy court entered an order establishing procedures enforcing the injunctive provisions of the bankruptcy plan and confirmation which, in part, bars Plaintiff from continuing to litigate this action against GMAC. (Id.) Due to the foregoing, Defendant seeks dismissal of Plaintiff's case as she "is barred from any continued prosecution of this against GMAC." (Id. at 4). In short, Defendant seeks to have Plaintiff's case in this Court dismissed per the rulings of the U.S. Bankruptcy Court for the Southern District of New York (the Confirmation/Plan and expungement).

A bankruptcy court has jurisdiction to hear and determine the allowability of all claims against a debtor that arise prior to the filing of the bankruptcy petition. And one of the bankruptcy court's central functions is to determine the validity of claims filed against a debtor. Because Plaintiff's claim against Defendant was expunged and disallowed in the SDNY bankruptcy court, the effect of the SDNY's rulings (including the Confirmation plan) -- and per provisions of Section 1141 of the Bankruptcy Code -- is that the Defendant has been discharged of any debt or liability to Plaintiff that might have existed. In re Production Plating, Inc., 90 B.R. 277, 282 (Bankr. E.D. Mich. 1988) ("[A] discharge extinguishes, as if by a full satisfaction, all legal obligations and enables a reorganized debtor to conduct business and acquire property without subjecting it to the claims of prepetition creditors[]"). If and when claims that a plaintiff "seeks to assert…are barred and discharged by the Plan, [the plaintiff]…cannot establish

cause..…[and]…litigat[ing] those claims in any forum would be futile. *See In re Residential Capital, LLC,* 508 B.R. 838, 847–48 (Bankr. S.D.N.Y. 2014)." In re Residential Capital, LLC, 2015 WL 1281960, *4 (Bankr. S.D.N.Y. Mar. 18, 2015).

Also, a bankruptcy order expunging a proof of claim is a final judgment on the merits by a court of competent jurisdiction, and is a predicate for *res judicata*. EDP Med. Computer Sys. v. United States, 480 F.3d 621, 625 (2nd Cir. 2007); In re Residential Capital, LLC, 2015 WL 1281960, *4 (Bankr. S.D.N.Y. Mar. 18, 2015); Moore v. Wiz, 2008 WL 2357406, *1 (E.D.N.Y. Jun. 4, 2008). As explained in Warner v. CMG Mortg. Inc., 2015 WL 7454151, *4-5 (N.D. Cal. Nov. 24, 2015) (footnotes and internal citations omitted) (dismissing a plaintiff's case with prejudice following the disallowance of her claim in bankruptcy):

> … Defendants moved….to dismiss….they argue plaintiff unsuccessfully raised her current claim in bankruptcy court and is therefore now barred under the doctrine of res judicata from further pursuing the claim before this Court…..
>
> Res judicata, or claim preclusion, operates to bar subsequent litigation "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." ….. If the claims arise out of the "same transactional nucleus of fact" as litigated in the prior matter res judicata precludes re-litigating those claims….Res judicata "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."….Because "[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding[, it] thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." …..
>
> Here, the bankruptcy court addressed in detail and dismissed claims arising from the same transactions at issue in the instant complaint; indeed, the court addressed the same claims asserted here…."[A]n order disallowing a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.")….
>
> …[Defendant's] Rule 12(b)(6) motion to dismiss is premised primarily on two grounds: (1) that judicial estoppel bars plaintiff's claim where she affirmed in her personal bankruptcy proceedings under penalty of perjury that she had no claims against her

3

creditors; and (2) that her claims are barred by the doctrine of res judicata based on the Southern District of New York decision….. Because dismissal is proper under the second ground for the same reasons noted with respect to the analysis of the Ally Defendants' motion, CMG's motion is Granted and the claims against CMG are Dismissed With Prejudice….

Per Cost v. Super Media, 482 B.R. 857, 861-863 (S.D.N.Y. 2012) (internal citations omitted):

…. the Confirmation Order [and Plan] discharged and released all debts and claims that existed before….the Effective Date of the Plan….

… the applicability of the Confirmation Order and the Plan to the plaintiff's claims …. depends on whether the plaintiff's claims arose prior to ..[that date]…. A claim arises, for the purposes of discharge in bankruptcy cases, at the time of the events giving rise to the claim, not at the time the plaintiff is first able to file suit on the claim... "Moreover, when determining whether a claim arises before or after the date of the Bankruptcy Plan's confirmation, courts must look to the relevant non-bankruptcy law that serves as the basis for the claim, namely, employment discrimination law...." …..

…although the plaintiff's claims would be discharged by the Confirmation and the Plan, "*regardless* of whether...the claim is disallowed," 11 U.S.C. § 1141(d)(1)(A) (emphasis added), the fact that the plaintiff's proof of claim was rejected by the Bankruptcy Court provides another reason that his claims are now barred in this Court.

The Bankruptcy Court ordered that the plaintiff's claim should be "disallowed and expunged in its entirety,"…The Bankruptcy Court order sustaining the defendant's objections and expunging the plaintiff's proof of claim was a final judgment on the merits by a court of competent jurisdiction, and is a predicate for res judicata…..As a consequence of the Bankruptcy Court order, the plaintiff cannot relitigate the issue in this Court……

See also e.g., Moore v. The Wiz, Cablevision, 2008 WL 2357406, *3 (E.D.N.Y. Jun. 4, 2008) (dismissing plaintiff's action per a bankruptcy order expunging her claim on the basis of *res judicata* as "the claims are clearly based on the same event…and are between the same parties….Under the doctrine of res judicata, plaintiff is barred from pursuing her….claim against defendant which was 'disallowed and expunged in its entirety' by the final order entered in the Bankruptcy Court[]").

Accordingly, based on the foregoing, Plaintiff is **ORDERED** to **SHOW CAUSE** (by

4

filing a pleading), on or before **May 22, 2017**, explaining why her case should not be dismissed.

**DONE** and **ORDERED** this the **1st** day of **May 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**